## New Orleans Canal and Banking Company v. Bry et al.

Where a notary by whom a note was protested, states that he made diligent enquiry for the domicil and usual place of residence of the endorsor, but does not state that he made any attempt to ascertain at what post office notice of protest should be addressed, the proof is insufficient to show due diligence.

NEW ORLEANS
CANAL AND.
BANKING
COMPANY
*v.*
BRY,

APPEAL from the District Court of Carroll, *Curry*, J. This is a suit against the drawer and endorsers of a promissory note for $4,000, dated at Munroe, La., March 15th, 1842, and payable at the office of plaintiffs, at Alexandria, twelve months after date. The defence of the appellant, *O. J. Morgan*, one of the endorsers, is want of legal notice of demand and non-payment. The evidence on the part of the plaintiffs consisted : 1st. Of the certificate of the notary attached to his protest, in which he states the manner in which he gave notice to the endorsers, as follows : "Notices in writing of this protest were deposited by me in the post office, at Alexandria, on the 18th day of March, 1843; one addressed to *Oliver J. Morgan*, at his domicil, near Lake Providence, Parish of Carroll, La.; and one to *Jonathan Morgan*, at his domicil, near Lake Providence, Parish of Carroll, La." 2d. Of the answers of the notary to interrogatories. In answer to the 2d interrogatory, he says : "I did make diligent enquiry for the domicil of and usual place of residence of the endorsers, *Jonathan*, and *Oliver J. Morgan*, by enquiry of persons in the parish of Rapides, who were acquainted with them, and most likely to know ; I enquired of *Robert Chew* and *H. M. Hyams*, who I knew to be acquainted with them." In answer to the 3d interrogatory, he says : " I was informed, on making such inquiry, that they resided in the parish of Carroll, near Lake Providence." To the 4th interrogatory, he says : "I did, on the 18th day of March, 1843, send the notices in conformity therewith, to said *Oliver J. Morgan* and *Jonathan Morgan*, addressed to them, at their domicil, near Lake Providence, parish of Carroll, La., and did deposit the same in the post office, at Alexandria, on the said 18th of March, 1843."

On the part of defendants, the following evidence was offered : 1st, *The admission of parties*, of record : That *O. J. Morgan* and *J. Morgan* live near the *Pecan Grove post office*, in the parish of Carroll ; that *O. J. Morgan* lives 12 miles from the *town of Providence*, and within 4 or 5 miles of Pecan Grove. That *O. J. Morgan was never known to send to Providence for letters or papers ; always mails his letters at Pecan Grove Post Office, &c.* 2d, The testimony of *J. C. Hollingsworth*, deputy postmaster of Providence. He swears, that he was postmaster at Providence at the date of the protest of the note sued on ; that letters coming to that office for *O. J. Morgan always went to the General Post Office as dead letters ;* and that *O. J. M.* has lived at his present residence since 1839, Judgment was given below in favor of the plaintiffs, from which the defendant, *O. J. Morgan*, has appealed.

*Thomas*, for the plaintiffs. Notice was given in strict conformity to the second section of the act of the 13th of March, 1827, B. and C.'s Dig. 43. It is only when the residence of an endorser is unknown to the notary, and cannot be ascertained by diligent enquiry, that he is required to address notice to the place where the note was drawn. His enquiries informed him truly of the residence of the endorser, and he addressed his notices to them properly. 10 Rob., 37.

*Prentiss* and *Finney*, for the appellant. The notice was not sufficient to bind the appellant as endorser. 1st. It was not directed to any post office whatever. It was directed to " *Oliver J. Morgan* at his domicil, *near Lake Providence*, Parish of Carroll, La." There is no such post office as " *Lake Providence*" in this State. There is a post office at " Providence," *the seat of justice* of the parish of Carroll. This court is bound to take judicial notice of the post offices established within the State. *Nott's Executor* v. *Beard*. 16 La. 311.

2d. If the direction amounted to anything, it was a direction to " Providence," or a general direction to the "Parish of Carroll." In the latter case the notice would have gone to " Providence," under the regulation of the Post Office Department, by which, letters addressed to a person in a certain county or parish, without further direction, go to the post office at the seat of justice.

If then the notice in this case had any legal direction at all, it was to " Providence," which this court knows officially to be the seat of justice for the " parish of Carroll."

3d. Admitting, for the sake of argument, that the notice was directed to " Providence," in such a manner as to have insured its transmission by mail, w as such notice sufficient to bind the appellant? It is admitted on the record that the Providence post office was not the nearest to *O. J. Morgan's* residence, but that " Pecan Grove post office" was eight miles nearer; that he always mailed his letters at the latter, and never received either letters or papers at the former; the postmaster himself testifying that such letters as came to Providence to his address were always sent to the General Post Office, as dead letters. The general rule of the commercial law is well settled, that notice to an endorser must be directed to him at the post office nearest his residence. There is an exception where a person is in the habit of receiving his letters and papers at a more remote office, and does not use the nearer one. The act of 13th March, 1827, has not changed the commercial law in this respect. *Vide Preston* v. *Dayson*, 7 La. 11. *Duncan* v. *Sparrow*, 3 Rob. 164. The general principle has been repeatedly recognized by the Supreme Court of this State. In the case of *The Mechanics' & Traders' Bank* v. *Compton et al.*, 3 Rob. 4, and also in *Nicholson* v. *Marders*, 3 Rob. 242, it was decided that, even when a party has been in the habit of receiving his letters at two post offices, notice of protest must be directed to him at *the nearest*, or it will be bad. *Vide* also 6 Rob. 73—90. The true rule is laid down again in *Priestly* v. *Bisland*, 9 Rob. 528, and still more fully defined in *Follain* v. *Dupré*, 11 Rob. 454. It was directly decided in the case of *Bicnel* v. *Tournillion*, 6 Rob. 500, that a notice of protest simply directed to an endorser, as in a particular parish, when there are several post offices in the parish, and the one at the seat of justice is not the nearest to his residence, is insufficient. It is clear, then, that notice to the appellant at Providence, was bad, because there was a nearer post office at " Pecan Grove," where he was in the habit of receiving his letters and papers, while he never used the other at all.

4th. It will be urged that the notary was excused from sending notice to the defendant's proper post office, on account of ignorance of his place of residence. We answer: 1st. The notary does not testify that he did not ascertain his true residence, nor that he did not know his nearest post office. 2d. By the notary's own showing, he did not exercise the due diligence required by law, to ascertain the residence of defendant. He testifies that he enquired of *Chew* and *Hyams*. Neither of these was a party to the note. The general rule of the commercial law is, that enquiry should be made of the other parties to the bill or note. Story on Bills, §299, with authorities cited in note, &c. 3d. But even if the commercial law were otherwise, our own statute settles the question. The 3d section of the act of the 13th March, 1827, directs that when, after due diligence, the residence of an endorser or drawer cannot be ascertained, notice shall be sent to the place where the note or bill was drawn. Bullard and Curry's Dig. 43. Now the note in this case was drawn, as appears upon its face, at *Munroe*, and it does not appear that any notice was sent to the defendant at that place. If, then, the notary did know the residence of defendant, the notice was bad, because it was not directed to his nearest or usual post office. If he did not know it, then the notice was bad, because it was not sent to the place where the note was drawn, according to the requisition of the 3d section of the act of 17th March, 1827.

The judgment of the court was delivered by

SLIDELL, J. The appellant, *Oliver J. Morgan*, was sued as endorser of a promissory note, dated at Monroe, La., and payable at Alexandria. At the date of maturity, and during several years previous, the appellant was living in the parish of Carroll. In that parish there were two post offices, one at Pecan Grove, and one at the town of Providence, the seat of justice of the parish. Morgan's residence was twelve miles from Providence and four miles from Pecan Grove, which lies on the mail route between Alexandria and Providence. It is proved that the appellant did not resort for his letters to the Providence office, but to that at Pecan Grove, and that letters addressed to him at Provi-

NEW ORLEANS dence were not called for, and were sent, after the legal delay, by the postmas-
CANAL AND   ter to Washington, as dead letters.
BANKING
COMPANY         The notice for the appellant was mailed by the notary at Alexandria, where
*v.*     the note was payable at bank, addressed to him " at his domicil, near Lake
BRY.     Providence, Parish of Carroll, La."

Whether under all circumstances it is indispensable to address notice for the
endorser to the post office nearest to his residence, or *that to which he resorts,*
or whether under some circumstances a general address to the parish of the
party's domicil, there being more than one office in the parish, might not suffice,
is a question which is not now necessary to consider. It is certain due diligence
must be used to ascertain what is the proper office in the parish, to which to
address the letter. That diligence has not been proved in the present case.
The notary made enquiry of two persons about Morgan's domicil; but he does
*not state that he enquired, or attempted to ascertain, to what post office it was*
*proper to address.* The notice was addressed to no particular post office in the
parish. The expression is, " at his domicil, near Lake Providence." There
is no such town or village as Lake Providence. The town of Providence being
near the lake of that name, and Providence being also the seat of justice of the
parish, we must presume, under the address in question, that the letter went
to the post office at that town, and consequently that the appellant did not re-
ceive it.

The evidence shows that Bry, after protest, executed a mortgage to secure
his endorser, but there is no proof that the appellant was a party to the mort-
gage. It purports to be accepted in his behalf, by a person styling himself his
agent, but the agency is not proved.

After the constant litigation with which the courts of this State have been
crowded for years upon questions of notice to endorsers, it is strange that it has
never occurred to the officers of banks, and others dealing in negotiable paper,
to guard themselves against loss or difficulty by requiring endorsers, by memo-
randum over their signatures, or other agreement in writing, to state the mode
in which they wish their notices to be addressed. A little diligence thus exer-
cised, would save the time of the courts of justice, and preserve the rights of
creditors, which are now so frequently sacrificed.

It is decreed that the judgment appealed from be reversed, and that there be
judgment in favor of the appellant, as in case of non suit; the plaintiffs paying
the costs in both courts incurred by the proceedings as to this appellant.